24-1461. Mr. Gibson. How are you? Whenever you're ready. Thank you. May it please the court, Jonathan Gibson. Do you want a rebuttal time? Oh yes, I was about to. You have to ask for it. Okay. Yeah. On behalf of Christian Lauria, if I could reserve three minutes. Sure. For rebuttal. All right. Thank you. The lawyer's claims concerning defendants quote admittedly substantial use of force and denial of medical care based solely on the technicality that Mr. Lauria, a pro se prisoner plaintiff, did not sign his factual assertions rebutting defendants his affirmative defense of PLRA non-exhaustion under penalty of perjury. That minor technical defect absent Mr. Lauria would have survived summary judgment on exhaustion. A majority of circuit courts have for decades recognized that pro se prisoner plaintiffs are entitled to notice of Rule 56's evidentiary requirements, including that factual assertions must be signed under penalty of perjury before a district court decides a summary judgment motion against them. Excuse me. Could you tell me where the pink slip is? Yes. So I would just say at the front forefront that the pink copy argument is just a red herring because Mr. Lauria doesn't need it. But Mr. Lauria had sent it to his house while he was incarcerated and counsel is now in possession of it. But this court held in Palladino v. Newsom that a single non-conclusory affidavit on exhaustion on having grieved is all that is necessary to overcome exhaustion. And that is what Mr. Lauria would be able to do below. He in three different pleadings stated that he grieved and in his brief in opposition to summary judgment, he explained that he grieved the by placing his grievance in the solitary cell door slot. And he did so in detail. That is all that is required. Now, the district court or this court in Palladino has said that it is for the district courts to make evidentiary determinations about exhaustion. And so on remand, Mr. Lauria could go back and he would be able to provide the pink copy of the grievance form there. But as we explained in our briefing, it's not required that Mr. Lauria have the pink copy of that single is a non-conclusory affidavit that he grieved. As Mr. Lauria said, he just didn't sign it under penalty of perjury. But what should the district court have done here? So the district. And when? And when? So the district court should have provided notice of the requirement of the requirements of Rule 56. And it should have done that. What does that notice look like? If you were the district court, what would that notice look like? So it is a language that would automatically be put into the docket, onto the district court docket that would include the fact that Mr. Lauria must explain that Mr. Lauria requires three things. It is the text of Rule 56 itself. The second is a plain explanation of Rule 56 and the effect of summary judgment, i.e. that summary judgment means the case is over and the plaintiff loses. And then third is the right to file counter affidavits. And the consequence is not doing so. That is that the move-on facts will be accepted as true if they're not contradicted. Those three things are what this court in Renchinsky said was required in the context of a conversion of a motion to dismiss into a motion for summary judgment. Why should we, does it matter that in Renchinsky you're talking about, you're in a situation where the court did something, the court converted the motion. Why should we expand that to a situation where the court doesn't affirmatively do something that may affect the plaintiff's rights? Because, Your Honor, in Renchinsky's reasoning, applies with equal force to the situation here, even though it was in the conversion context. In Renchinsky, the court said that it, quote, agreed with the majority of its sister circuits. The overwhelming majority of which I will emphasize have recognized the notice rule in the more conventional context where it was defendants who moved for summary judgment. So it was relying in part on the very cases that have recognized notice in this situation. And their reasoning for doing so is that the uniqueness of the summary judgment motion and the unique impediments of indigency and detention mean that a pro se prisoner cannot intuit that a summary judgment is equivalent to a trial and miniature on the affidavits. Well, let me ask you, let me follow up and ask you two more questions. The second is what you do with the MARA language, which seems to limit Renchinsky or at least suggest that Renchinsky is limited to that conversion context. And it tells us that notice is the exception, not the rule pointing to the then recent Supreme Court case. That's one question that I have for you. The second question I have for you is picking up on something you said before, which is basically, listen, this is the end of the case when you're at a Rule 56 motion that involves affidavits. Aren't there multiple ends of cases? That is, you're dealing with a Rule 12B. If you don't do the right thing, that's the end of your case. If you're dealing with a Rule 12C, if you don't do the right thing, that's the end of your case. If you have a medical malpractice claim and you don't file a certificate of an affidavit of merit, that's the end of your case. What's the limiting principle of the rule that you are asking us to implement? So first question, deal with MARA. Second question, limiting principle. Yes, so I'll start with the first question about MALA. So there's, I would give two responses about MALA. The first is that MALA doesn't control here because MALA was, in the court in MALA, did not consider the question that is issued here, which is whether a pro se prisoner is entitled to notice of Rule 56's evidentiary requirements when defendants move for summary judgment. And so its discussion of Rinczynski and the other case law, to the extent it was discussing that, was all dicta. In MALA, the situation it confronted was one in which it was a non-incarcerated plaintiff who lost, who took his case all the way to trial and lost, and wanted a how-to legal manual. And he also had not identified anything that could have done differently. So what MALA was asking for, if anything, was more of a do-over of the case rather than this sort of elementary notice of the requirements of Rule 56. The second thing about MALA is that, to the extent it was discussing Rinczynski, its reasoning is also suspect because it characterized the motivating principle of Rinczynski as being that when the court acts on its own in a way that converts, alters litigants' rights, that's when notice is required. But as I was explaining earlier, that's not the reasoning that actually appears in Rinczynski. And it, as you said, sided to the Supreme Court's decision in Plyler. And in that decision, the concern the Supreme Court had was a situation in which the court has to do things like calculate statutes of limitations and is acting more as sort of counsel for the plaintiff. And that was the concern in Plyler. But that's not with issue here. All Mr. Lurie is asking for is this sort of elementary instruction of this is what Rule 56 means, not something that's going to convert the court into counsel for the plaintiff. To go to your second question about the limiting principle, this court should recognize a bright-line rule that notice is required because of the fact that summary judgment is a unique situation in which it is equivalent, as courts have recognized, to a trial in miniature on the affidavits. That is something that is a uniquely dispositive and a uniquely unintuitive moment in a case. And this is a rule that the overwhelming majority of circuits have recognized. Seven different circuits have adopted this rule. The only court that has rejected this rule is the Fifth Circuit in reasoning that that is faulty as the treatise that the defendants even cite. And so this court, were it to not adopt the notice rule in this situation, it would be breaking with almost all of the other circuits. And the widespread adoption of this rule is a demonstration of why, whether there are other situations and other notice regimes that may exist, this is a situation in which notice is particularly important because of the fact that it is one that so many circuits have identified. So let's assume... How far can the court go? Is the court required to give legal advice? No, Your Honor. As this circuit has said before, the district court isn't supposed to be giving substantive legal advice, but there is a difference between a district court saying, here is how you should respond in a certain situation and informing a plaintiff, for example, about the elements of a claim and how you should respond to certain elements of a claim. All Mr. Lurie is asking for is a basic explanation of what Rule 56 means, just the meaning of the text. And the Ninth Circuit in Randy Rowland has said that the purpose of the Federal Rules of Civil Procedure is to eliminate procedural gooey traps. And that's exactly what this rule does. All it summary judgment. Or as this court has said, in victory of the manning, the merits rather than the technicalities of procedure informed determine the rights of litigants. And this court has recognized the notice, has recognized similar rules in other contexts. There is a practice of liberal construction of the pleadings in cases involving prosec prisoners. Some might argue that imposing this burden on district courts would be wrong, given their busy dockets, etc. Do you see this as overly burdensome? No, Your Honor, because this court in Rynczynski specifically said that the burden is slight of its rule. And the reason it said so was because generic language can be readily compiled and disseminated. And other circuits that have considered this rule have said the exact same thing. The court in Rand said that this notice was routinely and easily given because the language can be just entered automatically in the docket. So it's not something that is going to impose any sort of burden on the district courts. The Lewis, the Seventh Circuit. Is that enough, just putting it on the docket? I mean, would Mr. Lurie have had access to the docket? Well, he would have to be like, since any sort of docket entry would have to be sent to him. And so if he doesn't automatically get the docket entry by the district court procedures, it would need to be mailed to him. But as long as he gets the notice, gets what it is, that would be sufficient. As I understand it, I thought the Fifth and the Tenth Circuit, maybe I'm wrong about this, but I thought they had a rule that basically says the court may abuse their discretion if they don't allow a plaintiff, maybe it's pro se plaintiff, the opportunity to remedy an obvious defect. Yes. Why isn't that a better rule? So, I mean, we would say that at a minimum, this court should hold that the district court committed error by not giving a chance to remedy. But the reason why a bright line notice is such a good rule for the court to adopt is because it is so easily administrable and is one that the court could adopt from the outset and one that the overwhelming majority of circuits have adopted is a demonstration of why they have founded a good rule. If the district courts instead have to make case-by-case determinations of, in this case, do we need to offer a chance to remedy? Was there some sort of defect? That places a greater burden on the district courts rather than just automatically every time defendants move for a summary judgment motion, entering into the docket this reusable language as to the sort of notice that's required, that would be far easier. Could you tell us how the harmless error doctrine functions in your view? Yes. So, here, Mr. Loria said exactly what he needed to in his pleadings. In his brief in opposition to a summary judgment, he specifically explains that he agreed the only way he could. So, if this court remands, he would be able to put all of that in an affidavit and he would have overcome exhaustion because, as I said earlier under Palladino, that is sufficient to overcome exhaustion and so it was harmful error. Yeah, I realize I'm out of time. Thank you very much. We'll see you on rebuttal. Good morning, Mr. Bacharach. Bacharach, yes, your honor. Good morning. Thank you. Good morning. John Bacharach representing the defendants in this matter. The district court treated the plaintiff very well. The court essentially granted the plaintiff everything he wanted. He didn't appoint counsel. Other than appointing counsel. But initially, he asked for counsel only related to discovery and the next time he asked for counsel was after the motions for summary, all the motions were filed and he was asking for the court to appoint trial counsel. He never asked for any other assistance and in fact, as I said, the district court granted everything that the plaintiff asked for other than those matters and the district court, even after summary judgment was filed, the court offered, sua sponte, offered the plaintiff additional time to respond and the plaintiff refused it, said he didn't need it. It filed everything that he needed. So I don't think that there could be any argument that the district court was not treating the plaintiff well. Mr. Loya knew about the grievance process. He claims he had this pink copy, but he never said that in any context to the court. So the court had no idea that there was anything like that. We did point out in our brief that there is a process that the jail has that sort of guards against the possibility that something similar to what plaintiff now claims happened, occurred, and that goes that it's a two-part form. The plaintiff can keep the second part of that. But again, the district court didn't know about it. Nobody knew about it at that time. I think the notice issue here is difficult because essentially what the plaintiff is asking for is for the court to tell the plaintiff something that Rule 56 tells the plaintiff itself. And I think, we think, excuse me, Rule 56 is probably one of the clearer rules, frankly, in the federal rules of civil procedure. What do you do with Renchinsky? Well, Renchinsky is an unusual situation because you're converting, you are converting a motion to dismiss to a motion for summary judgment, which is something that rarely happens in any event, probably would confuse a lot of lawyers as opposed to, you know, in addition to a pro se person. And so I don't think that that matters. Again, it's the court acting on its own initiative. And it doesn't apply here where the plaintiff has had lots of time. He can look at the rule. Why don't we follow the path of the 2nd, 4th, 6th, 7th, 9th, 11th, and D.C. circuits? They'll get it wrong? Because I think, because first of all, it seems to me it's unnecessary. And it might even be. Well, do you think they all got it wrong? Yes. The the I think you're just explaining a simple rule. Now, if you explain a simple rule, then you have problems with unless you use the exact words of the of the rule, then you're probably just making things more confusing. Your entire treatise is devoted to rule the rules on summary judgment. You think it's a simple rule? I think it's I think it's simple in the sense that it it's clearly states that in order to make a factual assertion that you have to do so by documents on the record or by affidavits or declarations. I I concede, I would concede that, you know, the the specific form of the affidavit or declaration might be a little difficult in some cases. But here the plaintiff had a declaration, a straightforward declaration that was filed by Deputy Toma that outlined the the the matter of the of the grievance that he could have followed. It was a simple form and it wasn't it wasn't notarized. It was just a declaration under oath. He could have easily done that, but he didn't. And he never again, never even mentioned to the that he had a paper copy. Plaintiffs seem to assert that somehow this system was the the the grievance system was opaque and not understandable, but I don't think there's reason to believe that's correct. The system is fairly opaque. It had a fairly clear he he clearly understood it in the sense that he says he filed that he says he submitted the grievance, but he he never mentioned again the that he supposedly has a copy, which, you know, I still don't know to this day. The I think the other part is that, you know, again, where's the line? Where do you stop? Because, frankly, our position that Rule 12 is much more difficult for somebody to approach a person to understand than Rule 56. And there are a number of other pitfalls. The I've certainly filed them up myself. You know, the rules, if you get to trial rules regarding motions for judgment, make taking exceptions to to jury charges, all those rules are far more complicated than Rule 56. And several of them, many of them are also kinds of rules that can defeat a case if you fail to do it. So if it's if you have to give separate instruction for Rule 56, why not why not Rule 12, the discovery rules, the rules related to trial, it's all there. And basically, what our position is, is that essentially, Mr. Lauria didn't read the rule. I mean, he was in jail, he would have had access, unlike, frankly, unlike non-inmate pro se people, he had access to a law library. He certainly would have had access to the rule. He had access to the defendant's motion as a form to follow. So he, in many ways, had some advantages that a pro se person who is not an inmate. Wasn't he in segregation or wasn't he in some sort of administrative segregation type situation? He was in, but he was only in that he was in administrative segregation from basically from March to May at the Allegheny County Jail. And he was there on a parole violation. So whatever the time it takes the Department of Corrections to do that, he was transferred out of the Allegheny County Jail to a Department of Corrections facility where he remained throughout most, I think he's out now, but throughout most of the time this lawsuit was pending, he was in the Department of Corrections. And they do have facilities for law libraries and that sort of thing. I think part of the issue here is, did Mr. Lauriean know that he had to file this by affidavit or declaration? Maybe not. But he clearly had the ability to know that. This wasn't hidden from him in any way. He certainly had access to legal materials. Again, probably more than if somebody lives in Central Pennsylvania, they don't have access to a law library. I mean, maybe if you live in Allegheny County or Philadelphia, you might have access to a computer, which would give them access to a law library. With a computer, you can pretty much access what you need, right? Yes. Well, I think in general you can, but you don't have access to an actual law library. Some people don't have computer skills and so forth to do that. But at least in Allegheny County, there's a law library that non-inmates can go to. But as the Court is aware, every jail and particularly all the Department of Corrections facilities have law libraries that are available to them. Even if we agree with your position and reject the approach that's been adopted by the majority of circuits, should we hold that the Court abused its discretion by not allowing the remedy of an obvious defect? Well, I don't think that you can say the Court abused its discretion in this instance. There certainly was no law to that effect, but I think the issue of discretion is up to the Court, but this isn't an abuse of discretion. Essentially, the plaintiff here is arguing it was an error of law that it was required. I think abuse of discretion obviously turns on the facts of each case. And again, here the District Court was not informed that this pink copy existed. I think if that had been the situation and he said, I have this documentary evidence that can prove that I submitted this grievance, but I can't get to it now because I'm in jail and the District Court just went ahead anyway, I think that would have been an abuse of discretion. Well, your friends on the other side says that there's case law that says all you need is an affidavit. And essentially you have the statements that would have been in an affidavit. It's simply they're not in a sworn document. Here, that might be a situation under some circumstances. If there's no way other than to say that I submitted, in other words, if you have a grievance system where there's no way for an inmate to prove that he submitted a grievance, I think that would be sufficient under those circumstances. But where there's a method by which the inmate can establish that they submitted a grievance that's easily available and they don't submit that, then I think at that point, it's not an abuse of discretion not to require that to be produced or at least some evidence that it exists. So otherwise, I mean, exhaustion is almost meaningless. All you have to do is say I submitted it and you're getting a factual hearing on whether you submitted it. Particularly here, I mean, you're talking about this lawsuit was filed a little more than a year after this incident occurred. We didn't get notice of it until about a year and a half, a little less than a year and a half later. There's essentially no way to do anything about it at that point in time. You're not going to get some corrections officer to say, oh yeah, he handed it to me and I forgot to do it. It's just impossible. There is protection that's provided for the inmates here, and I think that's our point. Let me just follow up on a question Judge Sirica asked Mr. Gibson. Let's assume we agree with Mr. Gibson's position. Do we need to deal with a harmless error issue? Well, I think we do on the record that we have because again, there's nothing in this record, officially in this record, that this pink copy exists. It's not part of the record below. It's not here. All the court knows is that he made these statements in his complaint. That's it. So, I think it is at this point harmless there. Yes. Thank you very much Mr. Becker. Thank you, Your Honor. All right. I just want to make three points. First, I'll start with the pink copy and I want to clarify some of the facts as to what happened. My colleague has said that Mr. Loria did not provide any notice or say anything about the pink copy up until our reply brief, but the government did not ever raise the pink copy anywhere below in their motion for summary judgment. They did not say anything about the pink copy of the grievance form. So, that is why Mr. Loria waited to say anything until the time he did it because he didn't even know that he needed to discuss it. But as we have said before, the whole pink copy argument is a red herring because as this court recognized in Palladino, a single non-conclusory affidavit is enough. Now, my colleague has said that that would allow any pro se prisoner to just say that they filed a grievance and it would turn exhaustion into something that's meaningless, but that is not the case because as Palladino held, the district court makes factual determinations around exhaustion and district courts are able to make credibility determinations all the time about these very sort of things. And Mr. Loria here said in detail how he grieved. Second, I would like to get into what Mr. Loria did not know, which as my colleague has admitted, he likely did not know that he needed to sign his factual assertions under penalty of perjury. The government has said that Federal Rule of Civil Procedure Rule 56 is very clear, but Rule 56 in C1, the provision that relates to what is required to support a motion for summary judgment, says that a motion for summary judgment can be supported by particular materials in the record, including depositions, documents, electronically stored information, affidavits, declarations or other materials. Not only is that not about responding to a motion for summary judgment with counter affidavits, but it doesn't say anything about affidavits having to be sworn under penalty of perjury. And as the Second Circuit recognized in Graham v. Lewinsky, it would be inequitable to expect a pro se prisoner to understand that he cannot rely upon pleadings already filed. Here, Mr. Loria signed his pleadings. The only defect was that he didn't sign them under penalty of perjury. And it's understandable, given how unintuitive summary judgment is, that he would have expected that he could have relied upon those pleadings below in which he stated the very facts that he would need to. Finally, I just want to get to that this rule is one that has existed for 50 years in other circuits. Hudson v. Hardy that established this rule in the D.C. Circuit is from 1968, so it's a long-standing rule. So these concerns about a lot of other situations, like the other motions, should not concern this Court because it is such a long-standing situation in which other circuits have recognized the importance of this rule. And so for that reason, if there's no other questions, we would ask that this Court recognize the notice rule in Narinczynski in this situation in reverse and remand so that Mr. Loria can correct the technical defects in the summary judgment motion. We have nothing further, Mr. Gibson, other than your thanks. You're pro bono counsel? Yes. Thank you. Are you with a firm? No, with a non-profit. With a non-profit? Yes. We thank you and your colleague for your excellent briefing and argument. Likewise, Mr. Baccarat, thank you very much for your briefing.